IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ECLIPSE SPORTWIRE,<br><br>          Plaintiff,<br><br>v.<br><br>RELIABLE COMPUTER PROFESSIONALS, INC. d/b/a ELEGANT HORSE PICTURES, PATRICK MOONEY, and FANATICS, INC.<br><br>          Defendants. | Case no.: 22-cv-02335-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Plaintiff Eclipse Sportswire's ("Eclipse") Motion for Default Judgment as to Defendant Fanatics, Inc. ("Fanatics")[1] (Doc. 38). Also pending before this Court is Fanatics request to vacate the entry of default. For the following reasons, the entry of default is set aside and the motion is DENIED as moot.

### RELEVANT PROCEDURAL HISTORY

On October 7, 2022, plaintiff filed its complaint against defendants Patrick Mooney ("Mooney") and Reliable Computer Professionals, Inc. ("RCP") (Doc. 1); however, prior to the appearance of any defendant, plaintiff sought and obtained leave to file an amended complaint (Docs. 11, 12). On November 17, 2022, the amended complaint, which added Fanatics as a defendant, was filed (Doc. 13). On November 18,

---

[1] On September 11, 2023, counsel appeared and advised that named defendant Fanatics, Inc. was now known as Fanatics, LLC.

2022, Eclipse filed a Summons showing service on Fanatics via The Corporation Trust Company with an answer due date of 12/9/2022 (Doc. 15).

On January 13, 2023, Eclipse moved for default judgment against Fanatics; however, the motion specified it was being brought pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Doc. 17). Accordingly, on January 17, 2023, the clerk granted an entry of default as to Fanatics (Doc. 19). On May 26, 2023, plaintiff again moved for default judgment against Fanatics and contemporaneously filed a memorandum of law in support thereof (Docs. 38, 39). In these pleadings, Eclipse cited to Rule 55(b) of the Federal Rules of Civil Procedure and requested the Court award damages "exceeding $22,031.040.00, plus reasonable attorneys fees, and enjoin Defendant Fanatics from any further use, sale, or distribution of Plaintiff's copyrighted Works". (Doc. 39).

On August 1, 2024, Eclipse filed an amended complaint for copyright infringement (Doc. 46). On August 18, 2023, defendants Mooney and RCP filed a motion for judgment on the pleadings along with a supporting memorandum of law (Docs. 50, 52). On that same date, Eclipse filed another memorandum of law in support indicating that Fanatics continued to profit from Eclipse (Doc. 52).

On September 11, 2023, Gerald Haberkorn filed a notice of appearance on behalf of Fanatics along with a memorandum in opposition to the motion for default judgment and request to vacate the entry of default filed by Eclipse (Doc. 54). Within the response, Fanatics advised that it only became aware of the case on August 29, 2023 because it was never properly served, and that it had reached out to Eclipse's counsel upon notice to rectify the situation (*Id.*). On September 12, 2023, Fanatics filed several exhibits to

support their position (Docs. 61-64). The exhibits included emails between the attorneys as well as correspondence from CT corporation surrounding the purported service (*Id.*).

Unfortunately, there was no resolution between the parties. Instead, on September 13, 2023, Eclipse sought an extension of time, up to and including November 4, 2023, to respond to the pending motion for judgment on the pleadings as well as to look into the service claims raised by Fanatics (Doc. 65). On November 2, 2023, two days before the deadline, Eclipse moved to conduct discovery and stay the briefing schedule (Doc. 70). On November 3, 2023, said motion was granted and the parties were granted 60 days to conduct limited discovery (Doc. 71). The parties were also ordered to file a joint status report on or before January 3, 2024 (*Id.*).

On December 20, 2023, Eclipse moved for additional two weeks to complete discovery, requesting the Court continue the stay through January 18, 2024 (Doc. 72). Over Fanatics' objection that ample time had already been provided (Doc. 73), the Court granted the motion and allowed an additional week, through January 25, 2024, to complete matters (Doc. 74).

On January 25, 2024, Eclipse filed its reply to Fanatics' response to motion for default judgment along with four supporting exhibits (Doc. 76). Within the documents, Eclipse correctly stated the legal standard for setting aside a default but spent the majority of its argument focusing on the purported service on Fanatics of November 18, 2023 (*Id.,* Doc. 15).

## ANALYSIS

Obtaining a default judgment entails two steps as "Rule 55 of the Federal Rules of Civil procedure draws a distinction between an entry of a default, Rule 55(a), and the

entry of judgment by default, Rule 55(b)." *Thacker v. Menard, Inc.,* 86 F.3d 1158 (Table), (7th Cir.1996). First, the party seeking a default must file a motion for entry of default with the clerk of a district court and demonstrate that the opposing party has failed to answer or otherwise respond to the complaint. FED. R. CIV. P. 55(a); *In re Catt*, F.3d 789, 793 (7th Cir. 2004). The entry of default "is merely a formal matter and does not constitute entry of a judgment." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 2010). After default has been established, the moving party must then seek entry of a default judgment. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

On January 17, 2023, the Clerk of Court entered default against Fanatics pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Doc. 11). Now, Eclipse seeks default judgment under Rule 55(b) (Doc. 38).

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. When the plaintiff's claim is for a sum certain, Rule 55(b)(1) applies. In all other cases, such as this one, Rule 55(b)(2) applies and states in pertinent part,

> "**(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. … If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> **(A)** conduct an accounting;
> **(B)** determine the amount of damages;
> **(C)** establish the truth of any allegation by evidence; or
> **(D)** investigate any other matter." FED.R.CIV.P. 55(b)(2).

A default judgment "established, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint." *U.S. v. Di Mucci*, 879 F.2d

1488, 1497 (7th Cir. 1989). The decision to grant a default judgment lies within the discretion of the district court. *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993).

In addition to the federal rules, it is important to note that the Southern District of Illinois has local rules that "apply in all civil and criminal proceedings". (SDIL-LR 1.1(b)). At the time this motion was filed, the following rule was in effect regarding default judgments:

> "Default Judgment. Any motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) shall contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default judgment is sought. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy has been mailed to that attorney." (SDIL-LR 55.1(b)).

Although this rule was eliminated when the revised Local Rules took effect on October 30, 2023, the pending motion was filed on May 26, 2023, several months prior to the revision. At no time did Eclipse provide a statement that comported with these requirements.

Moving on to Fanatics request to set aside the entry of default, "[t]he court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). The Seventh Circuit appears to expand the rule, applying the same standard that applies to Rule 60(b) motions to set aside default judgment, holding that "in order to vacate an entry of default the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009). While the standard for setting aside an entry of default is

the same as that for setting aside a default judgment. it is applied more liberally. *See Cracco*, 559 F.3d at 631.

### A. Good Cause

"Good cause" means a good reason for judicial action, not necessarily a good reason for the movant's default. *Escamilla v. United States,* 62 F.4th 367, 372 (7th Cir. 2023). Generally it is preferable to resolve an action on the merits rather than by default. *Cracco*, 559 F.3d 625, 631 (7th Cir. 2009).

As noted in Fanatics' motion, there was confusion regarding service (Doc. 55). In fact, Fanatics provides email correspondence between counsel and CT Corporation System as well as counsel and Corporation Service Corporation in an effort to show that service was not perfected (Doc. 61). Fanatics also provides declarations to prove the veracity of the aforementioned correspondence as well as to point out that they attempted to resolve this issue with Eclipse in August 2023 (See Docs. 61-64).

### B. Quick Action

In their response dated September 11, 2023, Fanatics advised that they first learned of this case on August 29, 2023, which was less than two weeks prior (Doc. 55). Additionally, as demonstrated in the exhibits to the response, Fanatics informed Eclipse of the service issues as quickly as August 31, 2023 (*Id.*). Clearly, two days satisfies the "quick action" requirement.

### C. Meritorious Defense

The showing of a meritorious defense that is necessary to set aside a default requires more than the bare legal conclusions set forth in defendants' proposed answer. *Breuer Elec. Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182 (7th Cir. 1982).

A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis. *Jones v. Phipps,* 39 F.3d 158 (7th Cir. 1994).

Fanatics asserts that Eclipse does not have standing to assert its claim for copyright infringement (Doc. 55). While this case is still in its infancy, this defense does raise questions. Indeed, there remains pending a Motion for Judgment on the Pleadings and for Summary Judgment filed by defendants RCP and Mooney on this exact issue (Doc. 50).

Given the analysis of the three factors, along with the premise that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that there is "good cause" to set aside the entry of default under Rule 55(c).

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion for Default Judgment (Doc. 38). Additionally, this Court **GRANTS** the request to set aside the entry of default (Doc. 55) as to Fanatics and directs the Clerk to do so. Finally, Fanatics is Ordered to file its answer or responsive pleading to second amended complaint within 21 days, or by **March 8, 2024**.

**IT IS SO ORDERED.**

**DATED:**     <u>February 16, 2024</u>

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
