UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ECLIPSE SPORTSWIRE, | ) | |
| | ) | |
| Plaintiff | ) | Case No. |
| | ) | |
| v. | ) | 3:22-cv-02335-SPM |
| | ) | |
| RELIABLE COMPUTER PROFESSIONALS, INC. d/b/a ELEGANT HORSE PICTURES, et al., | ) ) | |
| | ) | |
| Defendants | ) | |

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT, RCP AND MOONEY'S MOTIONS FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, Eclipse Sportswire claims that it is the exclusive holder of the right to license, sell and distribute the Images at issue in this case. (Dkt. 77, p. 8). This conclusion is simply wrong.

First, in its own words, the "Contributing Photographer's Agreement" from photographer, Alex Evers to Eclipse (the "Agreement"), grants Eclipse only a "non-exclusive worldwide wire service representation" to deal with certain photographs "with respect to the commercial sale, licensing of photographic images created by the Photographer (the "Images") which are submitted to and accepted by [the] Eclipse Sportswire (the "Accepted Images"). *Sic*. See "Exhibit 1" (¶1.1) to Plaintiff's response. [Emphasis supplied.]

Not only has Eclipse failed to identify by declaration or otherwise which images photographer Evers submitted to Eclipse, Eclipse has not identified which images it accepted. Also, contrary to the allegations in its Second Amended Complaint ("SAC"), there is nothing in the Agreement that gives Eclipse the right to reproduce the Images, create and authorize derivative works, distribute copies of the Images, display or authorize the public display of the Images, make copies of the Images for exhibition or fine art purposes, or use the images as gifts or for non-profit educational purposes. [Dkt 46, ¶ 11]

More importantly, Eclipse alleges that Defendants, Mooney and RCP (collectively, "RCP") are in the business of "selling prints, posters and pictures of horses." (SAC, Dkt 46, ¶ 15) RCP admits that this is basically accurate. Accordingly, nothing that Eclipse claims that RCP has done, conflicts with the non-exclusive <u>wire service</u> representation given to Eclipse. RCP sells prints, posters and pictures of horses only for personal display purposes, and not for editorial purposes, which is the use seemingly granted to Eclipse. Generally, wire service companies include news-related entities such as the Associated Press, Reuters, Agencé France, Fox News, CNN, the Wall Street Journal and USA Today, and these news outlets license photographs for editorial purposes. RCP is clearly not a wire service or a news outlet.

Additionally, the use of the words "non-exclusive" in the Agreement are words authored by Eclipse. That Evers may use Eclipse as a licensing agent from time to time, does not give Eclipse exclusive rights under the Copyright Act. The official Copyright Certificate of Registration states that Evers is both the author and copyright claimant of the photographs. Eclipse is included on the Certificate only for rights and permissions. [SAC, Exhibit 1 at Dkt. 46-1, p. 7] In fact, Evers has his own website where he posts, sells and licenses images related to

horse racing.  See, https://eversphoto.photoshelter.com/gallery-image/Horse-Racing/G0000wGTC_jqPdks/I0000YFCHuKZAY_g

Second, except those photographs created on assignment as works made-for-hire (Agreement ¶ 6), Photographer Evers retains the copyright to all images under Paragraph 1.3 of the Agreement.  Eclipse has not provided by declaration or otherwise any proof that the photographs of Justify were work-for-hire images.  In fact, the Certificate of Copyright Registration for the Images that are subject to this Action, clearly states that the images were not created on a work-for-hire basis.  [SAC, Exhibit 1 at Dkt. 46-1, p. 7]

Third, for contractual authority for its rights, Eclipse further relies on Paragraph 1.2 of the Agreement, which is headed "Limited Exclusivity".  Under this provision, Photographer agrees not to place any Accepted or Similar Images "with any other stock photo agency or wire service for licensing or sale, or make, authorize or permit others to make, any direct licenses or sales" of any Accepted or Similar Images.  Under this provision, Photographer Evers may have agreed during the term of Agreement (¶ 2) to refrain from licensing his photographs to stock photo agencies, but Evers did not give this right exclusively to Eclipse.

Under HyperQuest, Inc. v. N'Site Solutions, Inc., 632 F.3d 377 (7th Cir. 2011), Eclipse has the burden to show that it is the legal and beneficial owner of an exclusive right under the Copyright Act that conflicts with the uses made of the Images by RCP.  Eclipse has failed to meet this burden.  Eclipse was given a non-exclusive right to license or sell the Images to wire services.  On its website, Eclipse states that "[a]s a general rule, we do not offer print or commercial images from general racing we cover.  Our primary purpose is editorial coverage of thoroughbred and equestrian sports."  (See, https://eclipsesportswire.photoshelter.com/page2.

The bold assertion that Eclipse has any exclusive rights under 17 U.S.C. §106(1) through §106(6), to reproduce the Images, to create and authorize derivative works, to distribute copies of the Images by sale or other transfer of ownership by rental, lease or lending, or to display or authorize the public display of the images is clearly not supported by the Agreement between Eclipse and Evers. As hard as Plaintiff tries, it cannot transform a "non-exclusive" licensing agreement for wire service representation into an exclusive agreement covering any one of the delineated sections of 17 U.S.C. § 106. "[A] person holding a non-exclusive license is not entitled to complain about any alleged infringement of the copyright." HyperQuest, 632 F.3d at 382.

Eclipse does not have the exclusive right to sell prints, posters and pictures of the photographs in question, which is what RCP was trying to do. Therefore, Eclipse does not have standing in this Court, and this Action must be dismissed with ever-mounting costs and attorney's fees going to RCP.

    Respectfully submitted,
    Defendants,
    Reliable Computer Professionals, Inc. and
    Patrick M. Mooney

    By their attorneys,
    */s/ Andrew D. Epstein*

    Andrew D. Epstein #155140 MA
    photolaw@aol.com
    Barker, Epstein, & Loscocco
    176 Federal Street
    Boston, MA 02110
    (617) 272-5700

March 14, 2024

## Certificate of Service

      I certify that Defendants RCP and Mooney's Reply to Plaintiff's Response was filed through the court's ECF system and a copy was sent electronically on the day it was filed to all counsel of record.

                                                            */s/ Andrew D. Epstein*

                                                            _____

March 14, 2024                                                    Andrew D. Epstein